■ Rohanie Sookraj et al., Respondents-Appellants, v Schindler Elevator Corporation et al., Appellants-Respondents. Schindler Elevator Corporation, Third-Party Plaintiff-Respondent, v Marriott Corporation, Third-Party Defendant-Appellant-Respondent. [724 NYS2d 579] —Judgment, Supreme Court, Bronx County (Alan Saks, J., and a jury), entered October 12, 1999, apportioning liability 60% as against defendant Schindler Elevator and 40% as against third-party defendant Marriott Corporation, and awarding plaintiffs, upon their stipulation in lieu of a new trial on damages, damages including $750,000 and $1,500,000 for past and future pain and suffering, respectively, unanimously modified, on the facts, to vacate the award of damages for past and future pain and suffering, and the matter remanded for a new trial on the issues of such damages only, and otherwise affirmed, without costs, unless plaintiffs, within 30 days of service of a copy of this order with notice of entry, stipulate to reduce the awards for past and future pain and suffering to the principal amounts of $350,000, and $600,000, respectively, and to the entry of an amended judgment in accordance therewith.

Schindler's claim that the trial court erred in refusing to charge res ipsa loquitur with respect to its third-party claim against Marriott is unpreserved, and in any event without merit since Schindler contributed to the happening of the accident. The notice charge as to Schindler conveyed the proper legal standard (see, Rogers v Dorchester Assocs., 32 NY2d 553), as did the framing of negligence and proximate cause into one interrogatory (see, Tucker v Elimelech, 184 AD2d 636, 638). The awards for pain and suffering deviate materially from what is reasonable compensation to the extent indicated (cf., Faniel v Marriott Corp., 204 AD2d 191; Rountree v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 324, lv denied 94 NY2d 754; Gonzalez v Rosenberg, 247 AD2d 337). In the event plaintiffs do not stipulate to the reduction, and opt for a new trial, they should not be allowed to seek damages for future household services stricken by the trial court for lack of proof (see, Outeiral v Otis El., 220 AD2d 255). We have considered appellants' other arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.