Calero v Statewide Stor. Sys., Inc. (2020 NY Slip Op 05881)





Calero v Statewide Stor. Sys., Inc.


2020 NY Slip Op 05881


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07075
 (Index No. 16899/11)

[*1]Eusebio Calero, appellant,
v
Statewide Storage Systems, Inc., respondent.


John J. Ciafone, Astoria, NY, for appellant.
LaSasso Law Group, PLLC, New York, NY (Mariel LaSasso and Robert Fantone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Lara Genovesi, J.), entered April 27, 2017. The judgment, after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when he fell from a wooden platform on the defendant's premises during the course of his employment. The plaintiff commenced this action against the defendant. At the ensuing nonjury trial, one of the defendant's witnesses testified that the plaintiff was joking and playing around in the area of the accident immediately before it occurred, and was told to stop.
On an appeal from a judgment entered after a nonjury trial, the power of this Court "'to review the evidence is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses"" (Tornheim v Kohn, 31 AD3d 748, 748, quoting Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830). Here, we agree with the Supreme Court's determination that the plaintiff failed to submit sufficient evidence of a dangerous or defective condition, and that the plaintiff did not establish the cause of his fall.
The plaintiff's contention that the doctrine of res ipsa loquitur is applicable in this case is unpreserved for appellate review, as the plaintiff failed to make this argument at trial (see Sookraj v Schindler El. Corp., 279 AD2d 371; Murphy v Waldbaum, Inc., 228 AD2d 156).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court