Wells Fargo Bank, N.A. v Humphrey (2022 NY Slip Op 06026)

Wells Fargo Bank, N.A. v Humphrey

2022 NY Slip Op 06026

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-02583
 (Index No. 509659/14)

[*1]Wells Fargo Bank, N.A., etc., appellant,
v
Larry Humphrey, et al., respondents, et al., defendants.

Kosterich & Skeete, LLC, Tuckahoe, NY (Rajdai D. Singh and Denise Singh Skeete of counsel), for appellant.
Leslie M. Gales, New York, NY (Leslie M. Gales-Brown of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Larry Humphrey and Emily James, to strike their answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Larry Humphrey and Emily James, to strike their answer, and for an order of reference are granted.
On October 20, 2014, the plaintiff commenced this action to foreclose a mortgage against the defendants Larry Humphrey and Emily James (hereinafter together the defendants), among others. The plaintiff annexed a copy of the note, which contained an endorsement in blank, to the complaint at the time the action was commenced. In their answer, the defendants asserted several affirmative defenses, including lack of standing.
In June 2018, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, and cross-moved, inter alia, to dismiss the complaint insofar as asserted against them on various grounds. In an order dated January 2, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001). Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932).
Here, the plaintiff demonstrated its standing by establishing that it annexed the subject note, which contained an endorsement in blank, to the complaint when the action was commenced. Contrary to the defendants' contention, additional evidence was not necessary to establish standing. In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court