Onewest Bank, FSB v Feffer (2022 NY Slip Op 06707)

Onewest Bank, FSB v Feffer

2022 NY Slip Op 06707

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-13853
 (Index No. 9610/09)

[*1]Onewest Bank, FSB, plaintiff,
v
Roger D. Feffer, appellant; Federal National Mortgage Association, nonparty-respondent.

Charles Wallshein, Melville, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (James Hudson, J.), dated August 21, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court also dated August 21, 2019, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denying that branch of the defendant's cross motion which was to reject the referee's report, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the defendant's cross motion which was to reject the referee's report is granted, and the order dated August 21, 2019, is modified accordingly.
IndyMac Federal Bank, FSB (hereinafter IndyMac), commenced this action to foreclose a mortgage against, among others, the defendant Roger D. Feffer (hereinafter the defendant). In an order dated January 9, 2015, the Supreme Court, inter alia, granted those branches of IndyMac's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to amend the caption to substitute Onewest Bank, FSB (hereinafter Onewest), as plaintiff. In a separate order, also dated January 9, 2015, the court, among other things, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. In October 2018, Onewest moved, inter alia, to confirm the referee's report, for a judgment of foreclosure and sale, and to substitute Federal National Mortgage Association (hereinafter FNMA) as the plaintiff. The defendant opposed the motion, and cross-moved, among other things, to reject the referee's report, arguing, inter alia, that no notice of computation hearing had been served upon him, and that the referee's report was not supported by admissible evidence. In an order dated August 21, 2019, the court granted the motion and denied the cross motion. Also on August 21, 2019, the court issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. The defendant [*2]appeals from the order and judgment of foreclosure and sale.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Here, with respect to the amount due on the mortgage loan, the referee based his findings on the affidavit of William Randolph, an employee of Seterus, Inc., the purported servicer of the mortgage loan, who asserted the total amount then due on the mortgage loan. Randolph, however, failed to identify the basis for his calculations, stating generally that the information in his affidavit was taken from the "business activities" of Seterus, Inc. Nor did Randolph attach any business records to his affidavit. Accordingly, Randolph's assertions regarding the date of the defendant's default in making his mortgage payments and the total sum due and owing under the mortgage loan constituted inadmissible hearsay and lacked probative value (see U.S. Bank N.A. v Barton, 207 AD3d 496, 498; Bank of N.Y. Mellon v Singh, 205 AD3d 866, 868; HSBC Bank USA, N.A. v Sharon, 202 AD3d 764, 766). Thus, the referee's findings with respect to the total amount due upon the mortgage loan, as well as payments for taxes, insurance, and other advances, were not substantially supported by the record (see U.S. Bank N.A. v Barton, 207 AD3d at 498; HSBC Bank USA, N.A. v Sharon, 202 AD3d at 766; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788).
Further, the referee should not have computed the amount due on the mortgage loan without holding a hearing on notice to the defendant. CPLR 4313 provides in relevant part that "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and a place for the first hearing to be held." Here, there was no language in the order of reference indicating that a hearing was unnecessary. FNMA's contention that the defendant waived his right to a hearing is without merit (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355). Thus, the defendant was entitled to notice pursuant to CPLR 4313 (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1763; Aurora Loan Servs., LLC v Taylor, 114 AD3d at 629).
Accordingly, the Supreme Court should have denied those branches of the motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and granted that branch of the cross motion which was to reject the referee's report.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court