U.S. Bank Natl. Assn. v Glasgow (2023 NY Slip Op 03882)

U.S. Bank Natl. Assn. v Glasgow

2023 NY Slip Op 03882

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-07425
 (Index No. 508105/13)

[*1]U.S. Bank National Association, etc., plaintiff-respondent,
v
Fernella Glasgow, et al., appellants, et al., defendants; Wells Fargo Bank, N.A., etc., nonparty-respondent.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Knuckles Komosinski & Manfro, LLP, Fishkill, NY (Louis A. Levithan of counsel), for plaintiff-respondent and nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Fernella Glasgow and MNM Brooklyn Trust appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 3, 2020. The order and judgment of foreclosure and sale, upon a decision of the same court dated April 4, 2019, made after a nonjury trial, and an order of the same court dated July 1, 2019, inter alia, appointing a referee to ascertain and compute the amount due to the plaintiff, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On May 19, 2006, the defendant Fernella Glasgow executed a note in the sum of $305,280 in favor of Decision One Mortgage Company, LLC (hereinafter Decision One). The note was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the premises). By deed dated August 28, 2007, Glasgow conveyed the premises to nonparty Janice Taylor. Glasgow defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on August 19, 2008, and thereafter.
By assignment of mortgage dated July 14, 2010, the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Decision One, purportedly assigned the mortgage to Wells Fargo Bank, N.A. (hereinafter Wells Fargo). By deed dated December 28, 2011, Taylor conveyed the premises to the defendant MNM Brooklyn Trust (hereinafter MNM).
On December 19, 2013, Wells Fargo commenced this action against Glasgow and MNM (hereinafter together the defendants), among others, to foreclose the mortgage. In October 2014, Wells Fargo moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 20, 2017, the Supreme Court denied the [*2]motion and the cross-motion.
By assignment of mortgage dated September 19, 2018, the mortgage was assigned to U.S. Bank National Association (hereinafter US Bank).
Thereafter, a nonjury trial was held, after which the Supreme Court, in a decision dated April 4, 2019, found that Wells Fargo established its prima facie entitlement to judgment as a matter of law, that Wells Fargo established its standing, and that Wells Fargo demonstrated its strict compliance with RPAPL 1304 and the notice of default requirement of the mortgage agreement. In an order dated July 1, 2019, the court, upon the decision, referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The court also amended the caption to substitute US Bank as the plaintiff.
In November 2019, US Bank moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. In an order and judgment of foreclosure and sale dated September 3, 2020, the Supreme Court granted US Bank's motion and directed the sale of the premises. The defendants appeal.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Wells Fargo Bank, N.A. v Lafata, 209 AD3d 928, 929). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with the RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). The plaintiff can establish strict compliance with RPAPL 1304 by submitting proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, Wells Fargo established, through the testimony of Anthony Younger, an employee of Rushmore Loan Management (hereinafter Rushmore), the servicer for the subject loan, and exhibits admitted at trial, that the required notice was sent in strict compliance with RPAPL 1304 by presenting "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759 [internal quotation marks omitted]). Younger described Rushmore's standard office mailing procedure (see U.S. Bank NA v Smith, 191 AD3d 726, 728) and, contrary to Glasgow's contention, attested that he was familiar with the mailing practices and procedures of NCP, the third-party entity that actually mailed the RPAPL 1304 notice (cf. Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1237; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153). For her part, Glasgow testified only that she never received a RPAPL 1304 notice (see HSBC Bank USA, N.A. v Trincilla, 202 AD3d 766, 768).
Glasgow did not waive a defense based on failure to comply with the notice of default provisions in the mortgage agreement by failing to assert that defense in her answer. Since Wells Fargo alleged its compliance with those provisions in the complaint, Glasgow's specific denial of that allegation in her answer "sufficed to preserve the issue" (Nationstar Mtge., LLC v Osikoya, 205 AD3d 1038, 1040; cf. Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 687).
Contrary to Glasgow's contention, however, Wells Fargo established, through [*3]Younger's testimony and exhibits admitted at the nonjury trial, that it sent Glasgow a notice of default as required under sections 15 and 22 of the mortgage agreement. Younger's testimony established a standard office mailing procedure designed to ensure that items are properly addressed and mailed (cf. Deutsche Bank Natl. Trust Co. v Fontanez, 187 AD3d 1143, 1144-1145), and that a notice of default was mailed to Glasgow by first-class and certified mail on July 31, 2013. Moreover, Younger attested that he was familiar with the mailing practices and procedures of NCP, the third party entity that mailed the notice of default (cf. Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d 887, 890-891; Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 971). In her testimony, Glasgow merely denied receiving a notice of default (see Wilmington Sav. Fund Socy., FSB v Hack, 209 AD3d 798, 801).
Glasgow did not waive a defense based on lack of standing by failing to assert it in her answer (see RPAPL 1302-a; HSBC Bank USA, N.A. v Gordon, 210 AD3d 877, 879). However, contrary to Glasgow's contention, Wells Fargo established its standing by demonstrating that a copy of the note, endorsed to Wells Fargo by Decision One, the original lender, was filed with the Supreme Court on December 19, 2013, the date of commencement of the action (see Wells Fargo Bank, N.A. v Humphrey, 209 AD3d 1057, 1058; U.S. Bank N.A. v Rozo-Castellanos, 201 AD3d 995, 998). In light of the foregoing, the Supreme Court properly determined that Wells Fargo had standing to commence the action.
Finally, the Supreme Court properly granted US Bank's motion to confirm the referee's report and for a judgment of foreclosure and sale. Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." In this case, the order of reference contained language indicating that notice of a referee's computation hearing was not required (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771; cf. Onewest Bank, FSB v Feffer, 210 AD3d 992, 994). In any event, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 994). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d at 770).
Accordingly, we affirm the order and judgment of foreclosure and sale.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court