Board of Mgrs. of the Poseidon Condominium v Costantino Prop. Mgt., LLC (2024 NY Slip Op 00608)

Board of Mgrs. of the Poseidon Condominium v Costantino Prop. Mgt., LLC

2024 NY Slip Op 00608

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07878
 (Index No. 714783/18)

[*1]Board of Managers of the Poseidon Condominium, appellant, 
v
Costantino Property Management, LLC, respondent, et al., defendants.

Schneider Buchel LLP, Garden City, NY (Heino J. Muller and Marc H. Schneider of counsel), for appellant.
Mattone, Mattone, Mattone, LLP, College Point, NY (Joseph M. Mattone, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a lien upon a condominium unit for nonpayment of common charges, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 4, 2021. The order denied the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and granted the cross-motion of the defendant Costantino Property Management, LLC, to reject the referee's report, to toll interest for certain time periods, to credit that defendant with $60,500 against the amount due to the plaintiff, and, in effect, pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting those branches of the cross-motion of the defendant Costantino Property Management, LLC, which were to toll interest for certain time periods, to credit that defendant with $60,500 against the amount due to the plaintiff, and, in effect, pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
On September 27, 2018, the plaintiff commenced this action to foreclose a lien upon a condominium unit for nonpayment of common charges against the defendant Costantino Property Management, LLC (hereinafter the defendant), among others. In an order dated January 10, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Thereafter, the court appointed a referee to compute the amount due to the plaintiff. The referee, without holding a hearing, issued a report dated October 5, 2020, determining that the amount due to the plaintiff was $370,567.70.
Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to reject the referee's report on the grounds that the referee improperly failed to hold a hearing and miscalculated the amount due, to toll interest on the amount due for certain time periods, to credit the defendant with $60,500 against the amount due for lost rental income, and, in effect, pursuant to 22 NYCRR 130-[*2]1.1 for an award of costs and attorneys' fees. In an order entered October 4, 2021, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
CPLR 4313 requires that "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and a place for the first hearing to be held." Thus, generally, where there is "no language in the order of reference indicating that a hearing [is] unnecessary," it is error for the referee to issue a report without holding a hearing on notice to the parties (Onewest Bank, FSB v Feffer, 210 AD3d 992, 994; see 243 W. 98th Condominium v Shapiro, 12 AD3d 591, 592; cf. Cenlar FSB v Glauber, 188 AD3d 1141, 1143-1144). Here, the defendant established that it was entitled to a hearing before the referee issued a report. Accordingly, the Supreme Court properly denied the plaintiff's motion and granted that branch of the defendant's cross-motion which was to reject the referee's report (see Onewest Bank, FSB v Feffer, 210 AD3d at 994).
"[A] foreclosure action is equitable in nature and triggers the equitable powers of the court" (Rajic v Faust, 165 AD3d 716, 717 [internal quotation marks omitted]; see People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1622-1623). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see Breskin v Moronto, 172 AD3d 1298). Unexplained delays in prosecuting an action may warrant tolling or cancelling interest (see e.g. BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934).
Here, the defendant failed to demonstrate that the plaintiff was responsible for unexplained delays or other wrongful conduct. Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the defendant's cross-motion which were to toll interest for certain time periods and to credit the defendant with $60,500 against the amount due for alleged lost rental income. Furthermore, the court improvidently exercised its discretion in granting that branch of the defendant's cross-motion which was, in effect, pursuant to 22 NYCRR 130-1.1 for an award of costs and attorneys' fees (see Glaubach v Slifkin, 198 AD3d 621, 622).
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court