Deutsche Bank Trust Co. Ams. v Parra (2024 NY Slip Op 50951(U))

[*1]

Deutsche Bank Trust Co. Ams. v Parra

2024 NY Slip Op 50951(U)

Decided on July 23, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, Westchester County

Deutsche Bank Trust Company Americas, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS12, Plaintiff,

against
Mirna E. Parra, LATISHA NUNNERY and NYJARAH NUNNERY, Defendants.

Index No. 63438/2021

Attorney for Plaintiff: 
Victor Spinelli, Esq.
Fein, Such & Crane, LLP
28 East Main Street, Suite 1800
Rochester, New York 14614
(585) 226-7310
Attorney for Defendant Mirna E. Parra: 
Joseph M. Becker, Esq. 
J. Becker & Associates, PLLC
20 South Main Street, Suite 5
New City, New York 10956
(845)-638-6666

William J. Giacomo, J.

In a residential foreclosure action, plaintiff moves for an order confirming the referee's report and for a judgment of foreclosure and sale. 
Papers Considered
Motion Seq. 002 NYSCEF Doc. No. 70-97
1. Notice of Motion/Affirmation of Victor Spinelli, Esq. in Support/ Bill of Costs/Proposed Order/ Exhibits A-Q
2. Affirmation in Opposition of Joseph M. Becker, Esq./Exhibit 1
3. Affirmation of Michael S. Hanusek, Esq. in Reply
FACTUAL AND RELEVANT PROCEDURAL BACKGROUND
The court assumes the familiarity with the record, which was set forth in motion sequence 001. As relevant for this motion, by decision and order dated October 12, 2023, this Court granted plaintiff's motion for summary judgment and for the appointment of a referee to compute the amount due plaintiff, examine whether the mortgaged property known as 321 North Seventh Avenue, Mount Vernon, New York 10550 may be sold in one parcel, and make his/her computation and report with all convenient speed pursuant to RPAPL 1321. The record indicates that Mr. Thomas L. Gallivan, Esq. was appointed as referee. By notice dated January 22, 2024, plaintiff's counsel provided defendant and Mr. Gallivan with a notice of computation. The notice of computation advised defendant of plaintiff's proposed computations and informed her of the right to submit objections. The notice further advised that the referee had the discretion to determine whether a hearing was necessary. The notice explained that, even if objections are timely submitted, but the referee determines that a hearing is unnecessary, then the computations will be done on submission only. 
Defendant submitted timely opposition to the proposed computations and requested a hearing to challenge the computations. Defendant advised that she "objects to the amount claimed by the Plaintiff for taxes and insurance." For instance, defendant's attorney alleged that "it is likely that the total amount due for taxes is substantially less than $96,211.52, yet the Plaintiff claimed that $110,291.21 was due for taxes. Accordingly, it appears that the Plaintiff is seeking an amount for taxes that is substantially inflated."
In response to defendant's submissions, the referee did not hold a hearing. The referee issued a determination on submission only and adopted the amount provided by plaintiff in its entirety. On February 6, 2024, the Referee executed an Oath and Report of Amount Due, which computed the amount due to the plaintiff to be $671,128.51 as of December 16, 2023, and determined that the property should be sold as one parcel.
Plaintiff now moves to confirm the report and for a judgment and sale. Defendant argues that the motion should be denied, as the referee never held a hearing. According to defendant, she was entitled to a hearing before the referee. Defendant alleges that the referee prepared the report without addressing defendant's objections and that the referee's calculations are incorrect. Defendant's attorney provides the same figures as provided to the referee, and surmises, for instance, that the taxes, if extrapolated correctly, would lower the amount due by over $30,000. 
In response, plaintiff argues that the report should be confirmed and a judgment of foreclosure and sale should be entered. Plaintiff asserts that the business records establish the amount owed for taxes and that the referee's calculations are correct. According to plaintiff, defendant's attorney only speculates that the amount she owes for escrow advances is inaccurate. Nonetheless, plaintiff voluntarily agreed to reduce the amount owed by $3,236. Plaintiff claims that, in connection with this motion, it "uncovered that the $115,726.10 it sought for reimbursement of taxes paid by Plaintiff includes $3,236 for a tax payment Plaintiff made in August 2015 (i.e. 6 years and one month prior to the commencement of this action)." Plaintiff seeks to reduce the amount sought for tax advances from $115,726.10 to $112,490.10, making the total amount of the judgment and foreclosure and sale $667,892.51, rather than $671,128.51, as set forth in the referee's report.

DISCUSSION
I. Confirmation of the Referee's Report
Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." Courts have explained that "generally, where there is no language in the order of reference indicating that a hearing [is] unnecessary, it is error for the referee to issue a report without holding a hearing on notice to the parties." Board of Mgrs. of the Poseidon Condominium v. Costantino Prop. Mgt., LLC, 224 AD3d 650, 651 (2d Dept 2024) (internal quotation marks omitted). In fact, the Court of Appeals affirmed a Second Department decision holding that it was error for the lower court to confirm the referee's report absent a hearing where it was requested by a party. See Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629 (2d Dept 2014), affd 25 NY3d 355 (2015) "(The Supreme Court erred, however, in confirming the referee's report. The referee erred in computing the amount due to the plaintiff without holding a hearing on notice to the appellants"); see also Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236 (2d Dept 2018) ("the record does not establish that the defendant waived its right to a hearing before the referee"). 
Here, there was no language in the order of reference dated October 12, 2023, "indicating that a hearing was unnecessary." Onewest Bank, FSB v Feffer, 210 AD3d 992, 994 (2d Dept 2022). Furthermore, defendant submitted timely objections to the amount due, but the referee did not hold a hearing prior to issuing his report. It appears that the plaintiff's attorney unilaterally decided, on notice to the referee and to defendant, that the referee may waive a hearing, even if defendant objected. 
Accordingly "[h]ere, the defendant established that it was entitled to a hearing before the referee issued a report." Board of Mgrs. of the Poseidon Condominium v. Costantino Prop. Mgt., LLC, 224 AD3d at 651; compare Bank of Am., N.A. v Barton, 199 AD3d 625, 627 (2d Dept 2021) ("The defendants were advised that the referee would compute the amount due to the plaintiff on submission if they failed to serve objections. The defendants did not request a hearing at that time or serve objections to the proposed report. As a result, the referee was not required to hold a hearing"). 
Plaintiff argues that "[w]here, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in [*2]failing to hold a hearing." U.S. Bank Natl. Assn. v Glasgow, 218 AD3d 717, 721 (2d Dept 2023) (internal quotation marks omitted). The Court disagrees with plaintiff's contentions. As discussed, defendant was entitled to a hearing in front of the referee after submitting timely objections. Further, as set forth below, plaintiff itself has indicated that the referee's report is not entirely accurate. 
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility." U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 (2d Dept 2019) (internal quotation marks omitted). As set forth above, plaintiff voluntarily agreed to reduce the amount sought in tax advances by $3,236, which equates to the August 2015 tax payment. Plaintiff commenced this action on or about September 24, 2021 with the filing of the summons and complaint, notice of pendency and certificate of merit. As noted by plaintiff, "its recovery is limited to only those unpaid installments which accrued within the six-year period immediately preceding its commencement of this action." EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 (2d Dept 2008). This Court agrees that a reduction is warranted, which was not reflected in the referee's report. 
In this case, under the circumstances, defendant was prejudiced by the referee's failure to hold a hearing, thus the referee's report is not substantially supported by the evidence and plaintiff's motion is denied. 
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.

 CONCLUSION
Accordingly it is hereby
ORDERED that plaintiff's motion for a judgment of foreclosure and sale and to confirm the referee's report, is denied; and it is further
ORDERED that the referee shall conduct a hearing, on notice, followed by a new report computing the amount due to the plaintiff, within 30 days of the entry of this order; and it is further
ORDERED that in the event the referee is required to take testimony or hear argument pursuant to RPAPL 1321, the referee shall be entitled to an additional fee of $400.00 per hour which fee shall be awarded by the Court upon the filing of his report and upon Court approval of compensation.
The foregoing constitutes the Decision and Order of the Court.
Dated: July 23, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.