U.S. Bank N.A. v Sakizada (2025 NY Slip Op 00897)

U.S. Bank N.A. v Sakizada

2025 NY Slip Op 00897

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-00641
 (Index No. 5833/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Yaacov Sakizada, appellant, et al., defendants.

Joseph A. Altman, P.C., Fleetwood, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yaacov Sakizada appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered December 21, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, upon a decision of the same court entered June 3, 2020, made after a nonjury trial, granted the plaintiff's motion for a judgment of foreclosure and sale, denied the motion of the defendant Yaacov Sakizada to vacate his default in appearing on the second day of trial, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In January 2005, the defendant Yaacov Sakizada (hereinafter the defendant) executed a note in favor of GreenPoint Mortgage Funding, Inc., secured by a mortgage on certain real property located in Flushing. In March 2012, the plaintiff, as assignee of the loan, commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including lack of standing and failure to comply with contractual and statutory conditions precedent to foreclosure. After a nonjury trial, the plaintiff moved for a judgment of foreclosure and sale. The defendant moved to vacate his default in appearing on the second day of trial, on February 18, 2020. By order and judgment of foreclosure and sale entered December 21, 2020, upon a decision entered June 3, 2020, the Supreme Court, inter alia, granted the plaintiff's motion, denied the defendant's motion, and directed the sale of the subject property. The defendant appeals.
In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bank of Am., N.A. v Bloom, 202 AD3d 736, 737).
A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998; see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845). Here, the plaintiff established its standing through, inter alia, the [*2]testimony of Zachary Chromiak, an assistant vice president of the plaintiff's former loan servicer, along with a copy of the note (see CPLR 4539[a]; Bank of Am., N.A. v Bloom, 202 AD3d at 736-737). The plaintiff additionally attached a copy of the note endorsed in blank to the summons and complaint when the action was commenced (see U.S. Bank, N.A. v Goichman, 230 AD3d 1186, 1186-1187). The defendant's contention that the endorsement was contained on an allonge that was not firmly affixed to the note is unpreserved for appellate review, as he failed to make that argument at trial (see Calero v Statewide Stor. Sys., Inc., 187 AD3d 978, 979).
The plaintiff established its strict compliance with RPAPL 1304 by presenting "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759 [internal quotation marks omitted]; see U.S. Bank N.A. v Glasgow, 218 AD3d 717, 719). Additionally, the plaintiff established the actual certified mailing of the 90-day notice by submitting a copy of the notice containing a 20-digit United States Postal Service (hereinafter USPS) tracking number, along with a copy of a certified mail return receipt indicating that the notice was returned unclaimed, and an entry from a mail log book memorializing the certified mailing. The plaintiff also established a mailing of the notice by first-class mail by submitting a copy of the notice with a 10-digit USPS tracking number, along with a TrackRight report generated by Walz Group, LLC, the third-party entity that mailed the notices on behalf of the plaintiff. Contrary to the defendant's contention, the plaintiff laid a proper foundation for the admission of the TrackRight report (see U.S. Bank N.A. v Glasgow, 218 AD3d at 719; Bank of Am., N.A. v Bloom, 202 AD3d at 738; cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757).
The plaintiff also established that a notice of default was properly mailed to the defendant by first-class mail pursuant to paragraphs 15 and 22 of the mortgage agreement (see U.S. Bank N.A. v Glasgow, 218 AD3d at 719-720).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court