Wells Fargo Bank, N.A. v Doran (2025 NY Slip Op 07430)

Wells Fargo Bank, N.A. v Doran

2025 NY Slip Op 07430

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-04717
2024-04718
 (Index No. 3541/16)

[*1]Wells Fargo Bank, N.A., respondent, 
vPeggy Doran, etc., et al., defendants, Peter Slavska, etc., appellant.

Lester Korinman Kamran & Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Hayden B. Farmer and Sherry Xia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Peter Slavska appeals from (1) an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered April 10, 2024, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered April 16, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross-motion of the defendant Peter Slavska to dismiss the complaint insofar as asserted against him for failure to comply with 24 CFR 206.27(c)(2), to refer the action to the settlement conference part for a mandatory settlement conference pursuant to CPLR 3408 and RPAPL 1304, and to reject the referee's report or, in the alterative, to toll the accrual of interest on the subject mortgage loan. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the cross-motion of the defendant Peter Slavska which was to reject the referee's report is granted, the referee's report is rejected, that branch of that defendant's cross-motion which was to toll the accrual of interest on the mortgage loan is granted to the extent of tolling the accrual of interest from September 2022 to September 2023, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Peter Slavska.
In May 2016, the plaintiff commenced this action to foreclose a reverse mortgage against, among others, the defendant Peter Slavska (hereinafter the defendant). In September 2023, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him for failure to comply with 24 CFR 206.27(c)(2), to refer the action to the [*2]settlement conference part for a mandatory settlement conference pursuant to CPLR 3408 and RPAPL 1304, and to reject the referee's report or, in the alterative, to toll the accrual of interest on the mortgage loan. In an order entered April 10, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale entered April 16, 2024, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court correctly denied that branch of the defendant's cross-motion which was to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to obtain approval from the Federal Housing Commissioner pursuant to 24 CFR 206.27(c)(2). Contrary to the defendant's contention, 24 CFR 206.27(c)(2) does not require the plaintiff to obtain approval from the Federal Housing Commissioner as a condition precedent to maintaining this action. Rather, pursuant to 24 CFR 206.27(c)(2), "[t]he mortgage shall state that the outstanding loan balance shall be due and payable in full, upon approval of the Commissioner, if" certain conditions are met. Here, it is undisputed that the mortgage agreement complied with the requirements of 24 CFR 206.27(c)(2).
The Supreme Court also correctly denied that branch of the defendant's cross-motion which was to refer the action to the settlement conference part for a mandatory settlement conference pursuant to CPLR 3408 and RPAPL 1304. Under CPLR 3408(a)(1), the court is required to hold a mandatory settlement conference "in any residential foreclosure action involving a home loan." Prior to December 20, 2016, the definition of "home loan" in RPAPL 1304 excluded reverse mortgages (see L 2017, ch 58, part FF, § 1). In December 20, 2016, the definition of "home loan" was amended to include reverse mortgages (id.). Here, this action was commenced in May 2016, prior to the amendments to CPLR 3408 and RPAPL 1304. The defendant failed to provide any support for his contention that those amendments may be applied retroactively to this action (see OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1203).
However, the Supreme Court erred in confirming the referee's report. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved the matters of credibility" (Onewest Bank, FSB v Feffer, 210 AD3d 992, 993 [internal quotation marks omitted]; see CitiBank, N.A. v Milord-Jean-Gille, 233 AD3d 750, 751). Here, the referee computed the amount due to the plaintiff based upon an affidavit of Talya Lopez, a contract management coordinator of PHH Mortgage Corporation, the plaintiff's purported loan servicer. However, the business records attached to Lopez's affidavit that she relied on in making her affidavit do not substantiate the amounts claimed (see Christiana Trust v Corbin, 219 AD3d 686, 691; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
Moreover, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's cross-motion which was to toll the accrual of interest on the mortgage loan. A court has the authority to toll the accrual of interest on a mortgage loan "where there has been an unexplained delay in prosecution of a mortgage foreclosure action" (Wells Fargo Bank, N.A. v Daniel, 231 AD3d 899, 901 [internal quotation marks omitted]). "[T]he recovery of interest is within the court's discretion [and the] exercise of that discretion will be governed by the particular facts in each case" (id. [internal quotation marks omitted]). Here, the plaintiff failed to explain its unreasonable delay in prosecuting the action and, under the circumstances of this case, we exercise our discretion to toll the accrual of interest on the mortgage loan for the period from September 2022 to September 2023 (see id. at 900).
The defendant's remaining contention need not be considered in light of our [*3]determination.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court